1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Perez, | No. CV-15-00253-TUC-DCB (BGM) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Filipe Martinez, Warden, | |
| Respondent. | |

Currently pending before the Court is Petitioner Jorge Perez's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition") (Doc. 1). Respondent has filed a Return and Answer ("Answer") (Doc. 12). Petitioner did not file a Reply. The Petition is ripe for adjudication.

As an initial matter, Petitioner named S. Lake, Warden of the Federal Correctional Institution at Safford, Arizona ("FCI Safford") as the Respondent. *See* Petition (Doc. 1). The Court takes judicial notice, however, that S. Lake is no longer warden of FCI Safford. As such, the Court will substitute the new Warden of FCI Safford, Filipe Martinez, as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court dismiss the Petition (Doc. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2014, Petitioner was received into federal custody. Answer (Doc. 12), Holland Decl. (Exh. "A"), United States Marshals Service ("USMS") Individual Custody and Detention Rpt. (Attach. "6") at 3. At the time he filed his Petition (Doc. 1), Petitioner was an inmate incarcerated at FCI Safford in Safford, Arizona. *See* Petition (Doc. 1). Petitioner was released from custody on September 30, 2016. *See* Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last visited May 9, 2017).

On November 15, 2011, a criminal indictment was filed against Petitioner in the United States District Court for the District of Nevada. *See* Answer (Doc. 12), Holland Decl. (Exh. "A"), USDC D. Nev., Case No. 2:11-CR-403, Criminal Indictment (Attach. "2"). At the time of filing the complaint, Petitioner was in the custody of the State of Nevada, and appeared for his arraignment in the federal case pursuant to a writ of habeas corpus ad prosequendum. Answer (Doc. 12), Holland Decl. (Exh. "A"), USDC D. Nev., Case No. 2:11-CR-00403 (SEALED), Writ of Habeas Corpus Ad Prosequendem [sic] for Jorge J. Perez (Attach. "3"). On December 16, 2011, Petitioner was taken into federal custody. *See id.*, Exh. "A," Attach. "3" & USDC D. Nev. Arrest Warrant (Attach "4").

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

On August 8, 2013, Petitioner pleaded guilty to a single count of being a convicted felon in possession of a firearm. Answer (Doc. 12), Holland Decl. (Exh. "A"), USDC D. Nev., Case No. 2:11-CR-403-APG-PAL, Judgment in a Criminal Case 8/8/2013 (Attach. "5"). The court sentenced Petitioner to sixty (60) months imprisonment followed by three (3) years of supervised release. *Id.*, Exh. "A," Attach. "5" at 2–3. The sentence is silent as to its relationship to any other state or federal sentences. *See id.*, Exh. "A," Attach. "5."

On September 13, 2013, Petitioner was returned to the custody of the State of Nevada. Answer (Doc. 12), Holland Decl. (Exh. "A"), USMS Individual Custody and Detention Rpt. (Attach. "6") at 3. On October 10, 2013, Petitioner was sentenced in the District Court of Clark County, Nevada to sixty (60) months incarceration with parole eligibility after twenty-four (24) months for one count of possession of a stolen vehicle, and a concurrent term of sixty (60) months incarceration with parole eligibility after twenty-four (24) months for one count of theft. *See* Answer (Doc. 12), Holland Decl. (Exh. "A"), District Court Clark County, Nevada, Case No. C290559-1, Judgment of Conviction (Attach. "7"). The Nevada judgment further stated that both state terms were to run concurrently with any other sentence and Petitioner was to be credited with seven hundred nine (709) days of time served. *See id.*, Exh. "A," Attach. "6."

On November 6, 2013, Petitioner was sentenced to sixty-five (65) months of incarceration with parole eligibility after twenty-six (26) months for burglary second offense. Answer (Doc. 12), Holland Decl. (Exh. "A"), District Court of Clark County, Nevada, Case No. C290581-1, Judgment of Conviction (Attach. "8"). This second state Judgment directed that Petitioner's sentence was "to run CONCURRENT with C290591

and Federal case #2:11 CR-403-APG PAL[.]" *Id.*, Exh. "A," Attach. "8" at 2 (emphasis in original). The judgment also credited Petitioner with seven hundred forty-four (744) days of credit for time served. *Id.*, Exh. "A," Attach. "8" at 2.

On November 12, 2013, Petitioner was sentenced to sixty-five (65) months of incarceration with parole eligibility after twenty-six (26) months for one count of possession of stolen property and a second concurrent sentence of sixty-five (65) months of incarceration with parole eligibility after twenty-six months for one count of possession of a stolen vehicle. Answer (Doc. 12), Holland Decl. (Exh. "A"), District Court of Clark County, Nevada, Case No. C290875-1, Judgment of Conviction (Attach. "9"). This third state Judgment directed that Petitioner's sentences were "to run CONCURRENT with other State Cases and Federal Case #2:11CR403APGPAL[.]" *Id.*, Exh. "A," Attach. "9" at 2 (emphasis in original). The judgment also credited Petitioner with seven hundred fifty (750) days of credit for time served. *Id.*, Exh. "A," Attach. "9" at 2.

On June 9, 2014, Petitioner was paroled from his State of Nevada sentences and received into federal custody to begin service of his federal sentence. Answer (Doc. 12), Holland Decl. (Exh. "A"), USMS Individual Custody and Detention Rpt. (Attach. "6") at 3. Initially, BOP determined June 9, 2014 was the date Petitioner's federal sentence commenced. Answer (Doc. 12), Holland Decl. (Exh. "A") at ¶ 13; *see also* 18 U.S.C. § 3585(a). In September 2014, Petitioner submitted a request through the Bureau of Prisons Administrative Remedy Program seeking retroactive designation of the State of Nevada facility for service of his federal sentence. *See* Answer (Doc. 12), Holland Decl.

(Exh. "A"), BOP Administrative Remedy Docs. (Attach. "10"). After consideration of Petitioner's request, the BOP "determined that a *nunc pro tunc* designation was appropriate . . . and [Petitioner's] sentence was recomputed, resulting in a projected release date of November 2, 2016, via Good Conduct Time." *Id.*, Exh. "A," Attach. "10" at 7.

On June 10, 2015, Petitioner filed his Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1). Petitioner asserts that BOP's new sentence calculation is still incorrect, and his projected release date should be February 29, 2016. Petition (Doc. 1). Petitioner further asserts that "Nevada state law requires that inmates automatically get 40% off of their back number (in this case 65 months)." *Id.* at 7.

## II. ANALYSIS

### A. *Jurisdiction—In General*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, before proceeding to any other issue a court must establish whether a habeas

petition is filed pursuant to § 2241 or § 2255 to determine whether jurisdiction is proper. *Id.* at 865.

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence, rather he seeks relief regarding the calculation of his incarceration at a federal facility. As such, Petitioner is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), ("[c]hallenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus[.]" (quoting *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004)); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (a prisoner's challenge to the "manner in which his sentence was executed . . . [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); *Weinstein v. U.S. Parole Comm'n*, 902 F.2d 1451, 1452 (9th Cir. 1990) ("The district court had jurisdiction pursuant to 28 U.S.C. § 2241 to review a claim by a federal prisoner challenging a decision of the United States Parole Commission"). Such a challenge must be brought pursuant to § 2241 in the custodial court.

### *B.    Mootness*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the Constitution."

*Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed. 947 (1968). Further, the judicial power of this and all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *see also, Flast v. Cohen*, 392 U.S. 83, 94–95, 88 S.Ct. 1942, 1949–50, 20 L.Ed.2d 947 (1968). "In general a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 1208, 63 L.Ed.2d 479 (1980)). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (citations omitted). The effect that this sentence may have on future sentences is not a sufficient injury for standing. *Lane v. Williams*, 455 U.S. 624, 633 n.13, 102 S. Ct. 1322, 1328 n.13, 71 L.Ed.2d 508 (1982) ("parole violations that remain a part of respondents' records cannot affect a subsequent parole determination unless respondents again violate state law, are returned to prison, and become eligible for parole. Respondents themselves are able – and indeed required by law – to prevent such a possibility from occurring."); *see also United States v. Palomba*, 182 F.3d 1121, 182 F.3d 1121, 1123 (9th Cir. 1999).

"[T]he function of the writ [of habeas corpus] is to secure immediate release from illegal physical custody." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991) (citations omitted). "The Supreme Court has held that 'under the writ of *habeas corpus* we cannot do anything else than discharge the prisoner from the wrongful confinement.'"

*Id.* (quoting *Ex parte Medley*, 134 U.S. 160, 173, 10 S.Ct. 384, 388, 33 L.Ed. 835 (1890)) (emphasis in original). Where a habeas petitioner is not challenging the validity of his underlying conviction, but rather the location or condition of his confinement, release from custody moots the habeas petition. *Munoz v. Rowland*, 104 F.3d 1096 (9th Cir. 1997) (finding § 2241 petition challenging conditions of confinement moot because petitioner had been paroled, thus, relief sought was unavailable); *Pecrin-Peron* (dismissing § 2241 petition because petitioner had been granted immigration parole and released from custody).

Here, Petitioner was released from federal custody on September 30, 2016. *See* Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last visited May 10, 2017). In his habeas petition, Petitioner sought release from custody based upon BOP's calculation of his federal sentence in relationship to his state court sentence. In light of Petitioner's release, this Court cannot provide him with the relief sought. Moreover, there is no expectation that Petitioner will again be subjected to this same set of circumstances, and as such, "[t]his is not a situation 'capable of repetition, yet evading review" to which the doctrine of mootness may not apply." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988) (quoting *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987)). Accordingly, Petitioner's claims are moot, and his petition should be dismissed. *Munoz*, 104 F.3d at 1098.

### *C.  Conclusion*

Based on the foregoing, the Court finds that Petitioner's Petition (Doc. 1) is now moot and should be dismissed.

### III. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) SUBSTITUTING Filipe Martinez, Warden, as Respondent for S. Lake pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure; and

(2) DISMISSING Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-15-00253-TUC-DCB**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 11th day of May, 2017.

Honorable Bruce G. Macdonald
United States Magistrate Judge